from work and may loose time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present, and future, the exact amount of which losses are unknown to Plaintiffs at this time, and when said amounts are ascertained, Plaintiffs will ask leave of Court to amend this 2nd Amended Complaint to allege said amounts according to proof, pursuant to **California Code of Civil Procedure, Section 425.10**.

### THIRD CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(All Plaintiffs Against All Defendants)

52. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 51, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

53. In addition to the facts stated above, Defendants negligently made misrepresentations to law enforcement, and filed a false police report in violation of California Penal Code §§148.5(a), 148.6(a)(1), 148.(a) and 129. This false police report along with supplemental reports and statement from Defendants resulted in the unnecessary, harmful, and detrimental arrests, booking and incarceration of Plaintiffs, and each of them (with the exception of Plaintiff, MIRIAM Avendone). It further subjected Plaintiffs to unnecessary and extreme media scrutiny of their character, reputation in the community, and subjected Plaintiffs to incur significant financial expense to defend themselves against the outrageous and false accusations wrongfully made by Defendants, and each of them, against Plaintiffs.

54. Defendants, KARIM and LAWJI gave false statements to Law Enforcement and the Santa Clara District Attorney's Office, which they later recanted on such statement. Defendants, and each of them, knew that such false statements would result in extreme emotional

Case: 10-52797    Doc# 28-2    Filed: 11/03/10    Entered: 11/03/10 16:31:37    Page 1 of 13

distress to Plaintiffs once they get arrested and that Plaintiff, MIRIAM would also suffer extreme emotional distress in not having her mother around once incarcerated. Defendants also knew that such arrest would be matter of public records and the media can get involved, and which they did published defamatory new stories and new articles against Plaintiffs (with the exception of MIRIAM).

55. At all times herein Plaintiffs had a right to their safety and well being.

56. At all times mentioned herein, Defendants, and each of them, negligently caused great bodily harm upon Plaintiffs' person.

57. Defendants' and each of them, conducts were negligent disregard, designed and resulted in extreme emotional distress and mental anguish to Plaintiffs.

58. At all times mentioned herein, Defendants' and each of them, conducts were reckless, negligent, careless, and despicable, resulting in extreme emotional distress and mental anguish. The conduct of defendants were intended to cause injury to plaintiffs or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected plaintiff to a cruel and unjust hardship, so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### FALSE IMPRISONMENT

(All Plaintiffs Against All Defendants)

59. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 58, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

60. Defendants, WALJI, intentionally deprive Plaintiff, AVENDONE of her freedom of movement by use of physical force, threats and duress to hold her down or tying up during the numerous sexual assaults from October 2004 through November 2005. WALJI further locked the bedroom door to prevent AVENDONE from leaving and at times he would tie her up with a cord. AVENDONE did not consent to the above conducts and acts of Defendant, WALJI.

61. Defendants, WALJI, intentionally deprive Plaintiff, MIRIAM of her freedom of movement by use of physical force and threats to hold her down or tying her up during the numerous sexual assaults from January 2005 through November 2005. WALJI further locked the bedroom door to prevent MIRIAM from leaving and at times he would threaten to kill her, her mother and call I.N.S. on them. MIRIAM did not consent to the conducts and acts of Defendant, WALJI.

62. On November 27, 2005, WALJI, block Plaintiffs' vehicle from leaving while he pleaded with them in not calling law enforcement. WALJI did not allowed Plaintiffs to leave until they listen and follow his request.

63. On November 29, 2005, WALJI and LAWJI blocked Plaintiff's vehicle from leaving while WALJI pleaded with Plaintiffs in not calling law enforcement. WALJI and LAWJI did not allowed Plaintiffs to leave until they listen and follow his request.

64. Plaintiffs (AVENDONE and MIRIAM AVENDONE) did not voluntarily or knowingly give consent to any of the Defendant, WALJI, to sexually assault them and to pass on sexually transmitted diseases.

65. Plaintiffs did not voluntarily or knowingly give consent to any of the Defendant, WALJI and LAWJI to block their vehicle from leaving WALJI's house.

66. The false police report made by Defendant, WALJI, and supported by false statements of his Co-Defendants resulted in the harmful, wrongful, unnecessary, and detrimental arrest and incarceration of Plaintiffs (with the exception of MIRIAM), which is false imprisonment of Plaintiffs by Defendants' conducts.

67. The conducts and acts of Defendants has caused Plaintiffs harm and to sustain actual physical and psychological injuries to be proven at time of trial.

68. Plaintiffs, CELSA AVENDONE was unable to freely leave the room and avoid sexual assaults due to Defendants, WALJI, holding her down, tying her down, and or locking her into the room, which was a substantial factor in causing plaintiffs' sexual assault injuries.

69. Plaintiff, MIRIAM AVENDONE was unable to freely leave the room and avoid sexual assaults due to Defendant, WALJI, holding her down, tying her up, locking the bedroom door and threatening to kill her mother or call I.N.S. on them.

70. The conduct of Defendants were intended to cause injury to Plaintiffs or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected plaintiff to a cruel and unjust hardship, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

(All Plaintiffs Against Defendants Walji, Karim and Doulat)

71. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 70, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

72. Plaintiff, AVENDONE relied on Defendant, WALJI's representation that he would pay her $1,500 per house per month and that he was holding her money in an interest bearing account for her. This representation was acknowledged, confirmed and ratified by Co-Defendants, KARIM & DOULAT.

73. Defendants' representations were untrue and there was never any interest bearing account with allocation of the funds belonging to AVENDONE.

74. Defendants had no reasonable grounds to believe that their representations were true since they refused to give AVENDONE her money upon request, and even threaten to call I.N.S. on them if they quit or leave. WALJI would make more serious threats, including but not limited to, killing the, killing their family and sexually assaulting them.

75. Plaintiff, AVENDONE also relied to her detriment on WALJI representation that he would not sexually harm her daughter, MIRIAM if she would not resist his sexual assault against her WALJI intended AVENDONE to rely on this representation so that he can continue to have his way with her throughout the time she work for Defendants. Plaintiffs, AVENDONE and MIRIAM relied to their detriments that Defendants were going to pay them the $1,500 per house per month and continue to work for Defendants while enduring the sexually assault by Defendant, WALJI and physical abuse by Defendant, DOULAT.

76. Defendants intend AVENDONE and MIRIAM to rely on this representation, and they did so by continuing to work there under threatening, fearful and duress condition and sexual assaults.

77. Defendant, WALJI, misrepresented to AVEDONE, MIRIAM and the other Plaintiffs not to go to law enforcement and that he would pay AVENDONE the money he owes her. WALJI intended Plaintiffs to rely on this representation and which they did to their

20
PLAINTIFFS' SECOND AMENDED COMPLAINT

detriment when WALJI turn around the story by contacting law enforcement first and made a false police report.

78. Plaintiffs were harmed by these negligence misrepresentations and Plaintiffs reliance on the representation by Defendants was a substantial factor in causing their injuries, to be proven at trial.

## SIXTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
(All Plaintiffs except MIRIAM Against All Defendants)

79. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 78, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

80. On or about November 29, 2005, Defendants, and each of them, actively and maliciously filed a false police report with the Milpitas Police Department. The false information provided by Defendants for the false police report, maliciously, wrongfully and outrageously caused and commenced a prior criminal proceeding to be brought against Plaintiffs for extortion and robbery.

81. The extent of Defendants' active participation to prosecute Plaintiffs included, but are not limited to: a call to 911; statements to Law Enforcement Officer Chris Nicholas; statements to Officer K. Hansen on November 30, 2005; testimonies at the Preliminary Hearing; and statements to the Deputy District Attorney (Amy Krause) and her investigator during the course of investigation.

82. Defendants, KARIM and LAWJI gave false statements to Law Enforcement and the Santa Clara District Attorney's Office, which they later recanted on such statement.

21
PLAINTIFFS' SECOND AMENDED COMPLAINT

Case: 10-52797   Doc# 28-2   Filed: 11/03/10   Entered: 11/03/10 16:31:37   Page 6 of 13

Defendants, and each of them, knew that such false statements would be relied on by Law Enforcement and the Santa Clara District Attorney's Office to arrest and press criminal charges against Plaintiffs.

83. By and at the direction of Defendants and as a result of the false information Defendants maliciously and wrongfully provided to law enforcement and the Deputy District Attorney of Santa Clara County, malicious criminal prosecution were brought against Plaintiffs.

84. A prior criminal action was commenced against Plaintiffs as a result of the wrongful, malicious, extreme and outrageous conduct perpetrated by Defendants as described herein.

85. Plaintiffs have been successful in their legal defenses and on June 25, 2007, all charges have been dismissed against them by the Santa Clara District Attorney's Office pursuant "to the interest of justice".

86. Defendants' conduct and actions under the criminal prosecution are violation of California Penal Code §129 and §118(a). The conducts and actions of Defendants, and each of them, in supporting and ratifying the false statements offered to law enforcement, the Deputy District Attorney, and the Court are in violation of California Penal Code §127 for subornation of perjury.

87. Defendants, and each of them, adopted, affirmed and ratified the malicious and wrongful statements made to law enforcement, Deputy District Attorney, and the Court by giving false statements and testimony thereby wrongfully and maliciously directing and causing the commencement of a criminal proceeding against Plaintiffs. Defendants, KARIM and LAWJI, furthered their malicious prosecution conduct by appearing at preliminary hearing through subpoena by Plaintiffs' criminal defense attorney. At the preliminary hearing,

Defendants, and each of them, were so afraid of providing their statements under oath that they recanted their prior statements and made revisions to their original statement to law enforcement that they did not see or hear anything.

88. Defendants knew and did not believe the criminal allegations made by them against Plaintiffs were true and were therefore malicious in providing false information and allegations to law enforcement, Deputy District Attorney and the Court.

89. Defendants did not seek justice from the criminal prosecution against Plaintiffs for their malicious acts, but sought protection from their own evil conduct as well as other reasons not yet made known to Plaintiffs.

90. The malicious criminal prosecution by and at the direction Defendants proximately resulted in the harmful, injurious, and detrimental arrest and incarceration of Plaintiffs, which also resulted in false imprisonment.

91. The conduct and malicious acts of Defendants have caused Plaintiffs harm and actual physical & psychological injuries to be proven at time of trial.

92. Defendants' conduct and malicious acts were a substantial factor in causing Plaintiffs' harm, injury and damages.

93. Defendants' extreme and outrageous conduct and malicious acts were intended to, and did, cause injury to Plaintiffs and/or were despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and thereby proximately caused Plaintiffs to be subjected to a cruel and unjust hardship, so as to justify an award of exemplary and punitive damages.

Case: 10-52797   Doc# 28-2   Filed: 11/03/10   Entered: 11/03/10 16:31:37   Page 8 of 13

# SEVENTH CAUSE OF ACTION
## DEFAMATION
### All Plaintiffs Except MIRIAM Against All Defendants

94. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 93, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

95. Defendants have maliciously and falsely made statements of meritless allegations against Plaintiffs to 911 dispatch, the Milpitas Police Department, District Attorney's Office, and the public through the media.

96. 911 dispatch, the Milpitas Police Department, the Santa Clara District Attorney and the media reasonably understood that the statement by Defendants were about Plaintiffs and that said statements support allegations of Extortion and Robbery, which resulted in the wrongful arrest, incarceration and prosecution of Plaintiffs.

97. The statements made by Defendants are false and Plaintiffs were able to prove their innocent after one and one half year of legal defense when the Santa Cara District Attorney dismissed the charges Plaintiffs on June 25, 2007 "in the of justice".

98. Defendants failed to use reasonable care to determine the truth or falsity of their statements, including but not limited to, checking their bank accounts that they have failed to pay AVENDONE and her daughter, and KARIM failing to check their whereabouts on the evening of November 29, 2005 when she stated to law enforcement that she was present and witnessed the incident when in reality she was not.

99. Defendants, KARIM, LAWJI and DOULAT adopted and affirmed the malicious prosecution and false allegation made by WALJI by making false statements to law enforcement in support of WALJI's story, KARIM and LAWJI further their malicious prosecution conduct by

appearing at preliminary hearing through subpoena by Plaintiffs' attorney and they were so afraid of providing their statements under oath at court that they recanted their statements and made revisions to their original statements to law enforcement that they did not see or hear anything.

100. Defendants knew and did not believe the criminal allegations made by them against Plaintiffs were true. Despite this knowledge and beliefs, Defendants continued to perjury themselves with numerous statements to law enforcement and to the Good Court.

101. The conducts and acts of Defendants have caused Plaintiffs harm to their reputation, profession and occupation, the extent of the damages are to be proven at time of trial.

102. Defendants' conducts has resulted in shame, mortification and hurt feeling to Plaintiff due to the arrest, incarceration and prosecution along with Media humiliation. Plaintiffs have to incur expenses to defend themselves against this false and defamatory statement, extent of damages to be proven at trial.

103. The conducts of Defendants were intended to cause injury to Plaintiffs or, in the alternative, were despicable conduct carried on with al willful and knowing disregard of the rights and safety of Plaintiffs and subjected them to a cruel and unjust hardship, so as to justify and award of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

### WAGES & HOURS

(Plaintiffs, Avendone & MIRIAM Against Defendants Walji, Karim and Doulat)

104. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 103, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

105. Plaintiff, AVENDONE, worked for Defendant from September 2004 through November 29, 2005, and was not paid her wages under the terms of her employment with Defendants. She was also not paid overtime. The total amount of wages owes will be proven at time of trial.

106. Plaintiff, MIRIAM was forced to work, for Defendants from January 2004 through November 2005, and was not paid her wages under the terms of her employment with Defendants. She was not allowed to attend school and was not paid overtime. The total amount of wages owes will be proven at time of trial.

107. Defendants have violated numerous California Labor Codes, including but not limited to, sections 201, 202 and 218. Defendants did not provide Plaintiffs with the required tax withholdings statement nor did they provide workers' compensation coverage.

108. Defendant, WALJI also violated California Labor Code § 3602(b)(1) by willful physical assault of Plaintiffs, AVENDONE & MIRIAM during the numerous sexual assault encounters. WALJI's sexual assaults were intended to harm Plaintiffs, and did harm Plaintiffs. Defendants' conduct was substantial factor in causing Plaintiff's harm and injuries, which is to be proven at the time of trial.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT

(Plaintiffs, Avendone & MIRIAM Against Defendants Walji, Karim and Doulat)

109. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 108, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

110. Defendants contracted with Plaintiffs, AVENDONE and MIRIAM, to work at both the home of WALJI and KARIM's and DOULAT'S for $1,500 per house per month.

111. Plaintiffs, AVENDONE and MIRIAM, substantially performed all of the terms of the contract from September 2004 through November 29, 2005; when they left after AVENDONE observed WALJI sexually assaulting her daughter on their return from Lake Tahoe.

112. Plaintiffs, AVENDONE and MIRIAM performed all conditions under the contract. Throughout Plaintiffs' employment, Defendants stated to them that Defendants would hold their wages in an interest bearing account since they did not have bank account and it would earn interests. Defendants have failed to pay Plaintiffs and have intentionally withheld said earned wages and salary.

113. Plaintiffs were harmed by Defendants' failure to pay the promised wages/salary, including not paying for overtime work, and have left them without a year of earnings. The total amount of wages will be proven at time of trial.

## TENTH CAUSE OF ACTION

### CONVERSION

(Plaintiffs, Avendone & MIRIAM Against Defendants Walji, Karim and Doulat)

114. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 113, of the Allegations above and charges said allegations to the Defendants complained of in this Cause of Action.

115. Plaintiffs, AVENDONE and MIRIAM have a lawful and rightful ownership to their salary and wages earned and owned by them, which was intentionally kept by Defendants,

WALJI, KARIM and DOULAT, who refused to return it upon request. Defendants took possession of the wages and salary by intentionally maliciously and negligently misrepresenting and with wanton disregard to Defendants' rights to ownership and that they were holding Plaintiffs' wages/salary in an interest bearing account and unlawfully keeping the interest earned.

116. Defendants, WALJI, KARIM and DOULAT, have kept this money and have not made any allocation of said fund in an interest bearing account. It is unknown to Plaintiffs what Defendants have done with the money belong to Plaintiffs.

117. Plaintiffs AVENDONE and MIRIAM have not consented to Defendants keeping the money and is harmed by such conversion and loss use of her hard earned money.

118. Defendants' conducts was a substantial factor in causing AVENDENO's and MIRIAM's harm and the extent of damages is to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General Damages according to proof;
2. Special Damages according to proof;
3. Punitive Damages;
4. Injunctive Relief;
5. For Costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: January 3, 2008

WYNN LAW GROUP

BY: _____
Richard Wynn, Esq.
Attorney for Plaintiffs,

28
PLAINTIFFS' SECOND AMENDED COMPLAINT